IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ZACKERY ZACCHEUS MOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01038-SHM-tmp |
| ) | |
| BENTON COUNTY DETENTION ) | |
| CENTER, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF; DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1, 5, 6 & 10) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; AND GRANTING LEAVE TO AMEND CLAIMS DISMISSED WITHOUT PREJUDICE**

On February 7, 2025, Plaintiff Zackery Zaccheus Moody, Tennessee Department of Correction number 547775, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Moody filed the complaint, he was incarcerated at the Benton County Detention Center (the "BCDC") in Camden, Tennessee. (ECF No. 1.) On February 18, 2025, the Court granted Moody's application to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee. (ECF No. 4.) On February 18, 2025, Moody filed a notice of filing testimony. (ECF No. 5.) On February 24, 2025, Moody filed a motion which the Court construes as an amendment to his complaint. (ECF No. 6.) On March 10, 2025, Moody filed a change of address notifying the Court of his transfer to the Montgomery County Jail in Clarksville, Tennessee. (ECF No. 8.) On March 11, 2025, the Benton County Sheriff's Department filed a letter notifying the Court of Moody's transfer. (ECF No. 7.) .) On August 19, 2025, Moody filed a motion which the Court construes

as an amendment to his complaint. (ECF No. 10.) For the purpose of screening the complaint under the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915, the Court CONSOLIDATES the complaint, the notice of filing testimony, and the motions as the CONSOLIDATED COMPLAINT (ECF Nos. 1, 5, 6 & 10).

Moody's Consolidated Complaint (ECF Nos. 1, 5, 6 & 10) is before the Court.

The Consolidated Complaint is based on incidents that occurred from November 10, 2024, through April 15, 2025, during Moody's incarceration at the BCDC. (*See* ECF Nos. 1, 5, 6 & 10.) The Consolidated Complaint is liberally construed to assert claims for verbal harassment, denial of medical care, denial of access to the courts, ineffective assistance of counsel, conspiracy, unreasonable search and seizure, due process violations, false arrest, and supplemental state law claims for breach of confidentiality. (ECF Nos. 1, 1-1, 5, 5-2, 6 & 10 at PageID 2-5, 36-41, 43-46, 59.) Moody names seven Defendants: (1) the BCDC; (2) Sergeant Christopher Richard, Benton County Sheriff's Department; (3) Captain Jonathan Pinion, BCDC; (4) Lieutenant Heather Gibson, BCDC; (5) Carolina Love, BCDC Notary; (6) Officer Victoria Rayber, BCDC; and (7) Michael Patrick, attorney. (ECF Nos. 1 & 1-1 at PageID 1-2, 4.) The Consolidated Complaint does not specify the capacity in which Moody sues the individual BCDC Defendants. (*See* ECF Nos 1, 5, 6 & 10.) The Clerk is DIRECTED to add Benton County, Tennessee, as a Defendant.

Moody seeks injunctive relief and "monetary relief, compensation, [and an] equitable remedy[.]" (ECF No. 1 at PageID 3.)

For the reasons explained below, the Court: (1) DENIES AS MOOT Moody's request for injunctive relief; (2) DISMISSES Moody's Consolidated Complaint WITHOUT PREJUDICE in part and WITH PREJUDICE in part for failure to state a claim to relief (ECF Nos. 1, 5, 6 & 10);

2

and (3) GRANTS leave to amend the claims dismissed without prejudice against Richard, Pinion, Gibson, Love, and Rayber in their official capacities and against Benton County, Tennessee.

I.   **BACKGROUND**

Moody alleges his Fourth, Fifth, Eighth and Fourteenth Amendment rights were violated during his incarceration at the BCDC. (ECF No. 1 at PageID 2.) Moody alleges he has been discriminated against, treated unfairly, and that "tort actions" have been "made" that have "tainted" his case. (*Id.*) Moody alleges he and Lindsey Kaye Dennis were attempting to "consult about [their] case" when their "due process was interrupted due to a breach in confidentiality." (*Id.*)

Moody alleges that, on November 10, 2024, BCDC Corrections Officer Rayber was pushing a book cart into Moody's pod at the BCDC. (ECF No. 1-1 at PageID 4-5.) Moody alleges that Rayber "made a racial slur", saying that she "was surprised [Moody knew] how to read." (*Id.* at PageID 5.)

Moody alleges that, on November 17, 2024, BCDC Lieutenant Gibson told Moody that Gibson had given a note Moody had written to the BCDC nurse to Moody's "arresting officer" instead of the nurse. (*Id.*) Moody alleges that Gibson then ordered "correctional staff" to surround Moody while Gibson "threatened, taunted, and belittled [Moody] violating [his] due process." (*Id.*) Moody alleges that his note was a request to the nurse "for assistance" in his "case[.]" (ECF No. 6 at PageID 44.) Moody alleges that BCDC Corrections Officer Mallock[1] told Moody that Gibson had given Moody's request to Benton County Sheriff's Department Sergeant Christopher Richard. (*Id.*)

---

[1] Mallock is not named as a Defendant in this case.

3

Moody alleges that, on January 6, 2025,[2] BCDC Captain Pinion and Notary Carolina Love "committed a Writ of Habeas Corpus initiating a tort act" that violated his Fifth and Fourteenth Amendment rights. (ECF Nos. 1-1 & 6 at PageID 5, 44.) Moody alleges that Correctional Officer Sharum[3] and inmates David Bradford and Alvis Coleman witnessed "this incident." (ECF No. 1-1 at PageID 5.) Moody alleges that he wrote an affidavit for Lindsey Dennis. (ECF No. 6 at PageID 45). Moody alleges that, on January 6, 2025, "they refused to give her [Lindsey Dennis] the [a]ffidavit" and Love or Pinion gave the affidavit to Richard. (*Id.*) Moody alleges that "[t]his tortious act is a Great Writ of Habeas Corpus." (*Id.*)

Moody alleges that, on February 5, 2025, BCDC Sergeant Jesse Gipson[4] told Moody that if Gipson were "put on [the] stand", Gipson would "expose" Pinion and BCDC Lieutenant Jordan[5] and that "they are hiding and withholding evidence" to convict Moody. (ECF No. 1-1 at PageID 5.)

Moody alleges "Michael Patrick ineffectively assisted us of counsel" by failing to file motions "on our behalf[.]" (*Id.*) Moody alleges he and Lindsey Dennis "have proof[.]" (*Id.*)

Moody alleges Richard, Pinion, Gibson and Love have violated state confidentiality statutes and other state statutes, including T.C.A. §§ 10-7-504; 40-3-105(a); 40-12-210(3); 3-3-120; 55-10-426(f), (1), (2), (3) and (4); and 68-142-205(c) and (d). (ECF Nos. 5 & 6 at PageID 36, 43.)[6] Moody alleges evidence that should have "remained confidential was shared for the

---

[2] There is some confusion about the date, but the Court understands it to be January 6.
[3] Sharum is not named as a Defendant in this case.
[4] Gipson is not named as a Defendant in this case.
[5] Jordan is not named as a Defendant in this case.
[6] T.C.A. § 10-7-504 (Lexis Advance through the 2024 Regular Session); T.C.A. § 40-3-105 (Lexis Advance through the 2024 Regular Session); T.C.A. § 40-12-210 (Lexis Advance through the 2024 Regular Session); T.C.A. § 3-3-120 (Lexis Advance through the 2024 Regular Session); T.C.A. § 55-10-426 (Lexis Advance through the 2024 Regular Session); T.C.A. § 68-142-205 (Lexis Advance through the 2024 Regular Session) (last accessed Aug. 27, 2025).

second time." (ECF Nos. 5 & 6 at PageID 36, 43.) Moody alleges his Fifth and Fourteenth Amendment rights have been violated "in lieu of their fiduciary duty." (*Id.*) Moody alleges "this Great Writ of Habeas Corpus is not venial and should be under review." (*Id.*) Moody alleges the "sufficiency of evidence present is evident that [Moody's] detention is indeed unlawful." (*Id.*) Moody alleges he should be acquitted. (*Id.*) Moody alleges Richard is "intending to conspire against me" and prevent Moody from "a fair trial." (ECF No. 6 at PageID 44.)

## II.   SCREENING

### LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion,

5

of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.  Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers.  "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.   ANALYSIS

#### A.   Request for Injunctive Relief

Moody seeks injunctive relief against Pinion, Gibson, Richard and Patrick requiring that they be "demoted" or face "decree."  (ECF No. 1 at PageID 3.)  Moody requests that all charges against Moody and Lindsey Dennis be dismissed.  (*Id.*)  Because Moody is no longer at the BCDC, his request for injunctive relief is moot.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (claim for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility); *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison and prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

B.     **§ 1983 Claims**

Moody sues under 42 U.S.C. § 1983. (*See* ECF No. 1 PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

C.     **Richard, Pinion, Gibson, Love, Rayber, Benton County, Tennessee, and the BCDC**

Moody does not specify whether he sues Richard, Pinion, Gibson, Love, and Rayber in their official or individual capacities. Although it is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," the failure to do so is not fatal if the "course of proceedings" demonstrates that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Sixth Circuit has applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold a defendant personally liable. *Id.* at 773; *see Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *3 (6th Cir. Apr. 1, 2024); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (noting that the "course of proceedings" in unspecified capacity cases typically will indicate the nature of the liability sought to be imposed). The "course of proceedings" test considers the nature of the plaintiff's claims, requests for compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued. *Moore*, 272 F.3d at 772 n.1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).

Based on the course of proceedings to date, Moody's claims against Richard, Pinion, Gibson, Love, and Rayber are official capacity claims. The official capacity claims in Moody's

7

Consolidated Complaint are treated as claims against Richard, Pinion, Gibson, Love and Rayber's employer — Benton County. *See Jones v. Union Cty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Moody does not state a claim against Benton County.

Benton County may be held liable only if Moody's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby making clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Moody does not allege that he has been deprived of a right because of a policy or custom of Benton County. Moody instead seeks relief based on general allegations about his experiences during his incarceration at the BCDC. Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). The allegations in the Consolidated Complaint fail to identify an official policy or custom of Benton County that injured Moody.

8

Moody sues the BCDC as a Defendant. (ECF Nos. 1 & 1-1 at PageID 1-2.) Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). Moody's claims against the BCDC are DISMISSED WITH PREJUDICE for failure to allege facts stating claims to relief.

Moody does not state a claim against Benton County or against any Defendant in that Defendant's official capacity. Moody's claims against Richard, Pinion, Gibson, Love, Rayber in their official capacities and against Benton County, Tennessee are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating claims to relief.

### D. Supplemental State Law Claims

Moody alleges Richard, Pinion, Gibson and Love have violated Tennessee state law confidentiality statutes and other state statutes, including T.C.A. §§ 10-7-504; 40-3-105(a); 40-12-210(3); 3-3-120; 55-10-426(f), (1), (2), (3) and (4); and 68-142-205(c) and (d). (ECF Nos. 5 & 6 at PageID 36, 43.)

Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)) (internal quotation marks omitted). Section 1367 grants district courts broad discretion in exercising supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Courts should "weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Id*. at 951–52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted).

Moody's federal claims are being dismissed, and it is not in the interest of judicial economy or comity for the Court to hear and determine Moody's state law claims. The Court DECLINES to exercise supplemental jurisdiction over Moody's claims arising under Tennessee law. Moody's state law claims against Richard, Pinion, Gibson and Love in their official capacities are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

### E. Ineffective Assistance of Counsel Claim

Moody's ineffective assistance of counsel claim against Patrick in this § 1983 action fails as a matter of law. Ineffective assistance of counsel is not a cognizable claim under § 1983, which applies only to actions committed "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims of ineffective assistance must be brought in a habeas petition under 28 U.S.C. § 2254 and not in an action under § 1983. *See Taylor v. Miles*, No. 19-1257, 2020 WL 104682, at *1 (W.D. Tenn. Jan. 8, 2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000)).

To the extent Moody's ineffective assistance of counsel claim indirectly challenges the validity of his confinement or his sentence, this claim should not have been brought under § 1983. (*See* ECF No. 1-1 at PageID 5) The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) (citing *Preiser,* 411 U.S. at 488–90). The *Heck* bar prevents a prisoner from pursuing claims of ineffective assistance of counsel pursuant to § 1983 because such claims "indirectly challenge the validity of [a prisoner's] confinement and sentence." *Hudson v. Smith*, No. 3:11-cv-40, 2011 WL 161769, at *2 (M.D. Tenn. Jan. 19, 2011) (citing *Taylor v. Oakland Cnty. Circuit Court*, 831 F.2d 297 (6th Cir. 1987) (table)); *see also Muhammad v. Close,* 540 U.S. 749, 750

(2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"); and *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that *Heck* bars § 1983 claims that could invalidate a prisoner's conviction or sentence, regardless of whether damages or equitable relief are sought).

Under *Heck* and its progeny, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated -- *i.e.,* reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck,* 512 U.S. at 486–87; *Ruff v. Runyon,* 258 F.3d 498, 502 (6th Cir. 2001). "*Heck* makes clear that no cause of action exists [under § 1983] until a conviction is legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995). Section 1983 cannot be used to assert claims implying the invalidity of confinement — including claims of ineffective assistance of counsel — unless and until the process giving rise to that confinement has been set aside in some way. *See Hudson*, 2011 WL 161769, at *2. Moody's ineffective assistance of counsel claim indirectly challenges the validity of the confinement and sentence that are suggested in the Consolidated Complaint, but Moody does not allege facts demonstrating that his underlying criminal conviction has been terminated in his favor. His ineffective assistance of counsel claim should not have been brought under § 1983 and is subject to dismissal. *See Heck,* 512 U.S. at 486–87.

For these reasons, Moody's ineffective assistance of counsel claim against Patrick is DISMISSED WITHOUT PREJUDICE.

IV. **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend the Consolidated Complaint under the conditions set forth below.

V. **CONCLUSION**

For the reasons set forth above:

    A.    The Court DISMISSES WITHOUT PREJUDICE Moody's § 1983 claims against Richard, Pinion, Gibson, Love, and Rayber in their official capacities and against Benton County, Tennessee for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

B. Moody's § 1983 claims against the BCDC are DISMISSED WITH PREJUDICE for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

C. The Court DISMISSES WITHOUT PREJUDICE Moody's claim against Patrick for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), subject to Moody's ability to bring a habeas petition alleging ineffective assistance of counsel;

D. Moody's request for injunctive relief is DENIED AS MOOT;

E. The Court DECLINES to exercise supplemental jurisdiction over Moody's state law claims and those claims are DISMISSED WITHOUT PREJUDICE;

F. Leave to amend the claims dismissed without prejudice against Richard, Pinion, Gibson, Love, and Rayber in their official capacities and against Benton County, Tennessee, is GRANTED.  Amended claims must be filed within twenty-one (21) days of the date of this Order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of Moody's claims.  An amended complaint supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings.  Moody or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If Moody fails

with Rule Eight and the Court's instructions for pleading amended claims within the time specified, the Court will dismiss improperly pled amended claims with prejudice; and

G.  Moody is ORDERED to notify the Court immediately, in writing, of his current address, if he is transferred or released. If Moody fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED, this 27th day of August 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

14